**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

    MICHELLE CAMPBELL,

        Plaintiff,

vs.

    AETNA LIFE INSURANCE COMPANY,

        Defendants.

**COMPLAINT**

COMES NOW the Plaintiff, Michelle Campbell, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendants.

**PARTIES**

1. Plaintiff Michelle Campbell is a natural person and citizen of the State of Colorado, with a current address of 12663 Davis Street, Broomfield, Colorado.

2. Defendant Aetna Life Insurance Company ("Aetna") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of group disability insurance claims. The Defendant's registered agent for service of process is the CT Corporation Company

d/b/a The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202. This Defendant processed Plaintiff's Long-Term Disability claim from its offices located in Lexington, Kentucky. The mailing address is P.O. Box 14560, Lexington, Kentucky 40512.

3. At all pertinent times, Defendant Aetna issued a policy of insurance that provided Long Term Disability ("LTD") insurance benefits to employees of Ball Corporation as part of a group employee benefit plan ("the LTD Plan"). The LTD Plan is, on information and belief and according to the Plan document, subject to the provisions of ERISA. The LTD Plan is administered by Defendant from its office in Lexington, Kentucky.

4. At all pertinent times, Plaintiff was an employee of Ball Corporation, and was employed as a computer technician. She was also a "participant" in or "beneficiary" of the LTD Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said status, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policies issued to the Plan by Defendant.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan/policy.

7. Pursuant to 28 U.S.C. §1391, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by the Ball Corporation as a computer technician. Plaintiff was an active, full-time employee and therefore satisfied all eligibility requirements for, and was a "participant" in the Plans (and/or a "beneficiary" of the Plans) within the meaning of ERISA.

9. At all pertinent times Plaintiff has suffered from intractable and chronic headaches, as well as cervical dystonia (and related problems).

10. These disorders prohibited Plaintiff from performing the essential requirements of her job at Ball Corporation, including but not limited to the fact that she is unable to sit and use a computer for extended periods of time, and because her chronic pain, headaches and fatigue prohibit her from working an eight (8) hour work day.

11. Plaintiff's position as a computer technician involved the ability to quickly analyze data and perform other higher cognitive tasks. The position also requires the ability to quickly and effectively process information, and to interact with the public, and to provide constant assistance to customers.

12. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing the material requirements of her occupation, Plaintiff applied to the LTD Plan in or around 2002, for LTD benefits.

13. Defendant paid Plaintiff's claim for LTD benefits since that time (and until July 1, 2012).

14. In or around 2002, Plaintiff also applied for Social Security disability benefits.

15. SSDI benefits were awarded, and Plaintiff continues to receive said benerfits to the present.

16. On or around July 1, 2012, Aetna denied Plaintiff's claim for LTD benefits.

17. The LTD Plan provides, in pertinent part, that an employee is disabled for 24 months if that employee is unable to engage in the material duties of his or her regular occupation due to sickness or injury. Thereafter, the plaintiff must be disabled from any other reasonable occupation.

18. At all pertinent times, Plaintiff:

    a. Suffered from a sickness/illness;

    b. Was unable to perform the essential duties of her occupation (or any other reasonable occupation) due to said sickness; and

    c. Was, and is, unable to perform the essential functions of her own occupation, and/or any other occupation for which she is qualified.

19. Plaintiff timely submitted her appeal and requested reviews of her claim as provided by the Plans, and provided additional medical documentation and other information in support of her claim. Defendant has continued to deny Plaintiff's claims.

20. Defendant Aetna issued its final denial by letter dated December 21, 2012.

21. Plaintiff included additional information with her appeal, including medical records and statements from her medical providers.

22. Defendant's determination is against the weight of the medical evidence, including but not limited to the opinions of Plaintiff's physicians, and/or the documented medical restrictions on Plaintiff's activities.

23. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendants failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's mental health condition prevents her from engaging in her own or any other occupation. This includes, without limitation, her inability to work forty (40) hours per week due to her various medical problems.

24. Defendant has failed to properly consider Plaintiff's award, and continued receipt, of SSDI benefits.

25. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

26. Plaintiff has timely applied for benefits, and timely appealed Defendant's denial. Defendant has upheld their prior determinations and issued their final positions. Plaintiff has therefore exhausted all Administrative Appeals provided by the Plans.

## CLAIM FOR RELIEF: VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS

27. At all pertinent times, Plaintiff was covered by the Plans, which included coverage for long-term disability benefits, respectively, as set forth above.

28. At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrators of the Plans, and/or claim administrators, within the meaning of ERISA.

29. Defendant was otherwise delegated the authority to administer claims for long-term disability benefits by the Plans.

30. At all pertinent times, Plaintiff met the criteria for long-term disability benefits under the Plans including that she was unable to perform the functions of her own and/or any other occupation, and provided reasonable documentation (medical and otherwise) of that fact.

31. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plans.

32. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians;

    B. Failing to provide an adequate review and appeal;

6

   C. Failing to properly consider the findings of the Social Security Administration that Plaintiff is and remains disabled;

   D. Failing to act in Plaintiff's best interests; and/or

   E. Failing to conduct a reasonable investigation.

33. As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

34. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits

## DAMAGES

35. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorneys' fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant Aetna and/or the Plans as follows:

   A. A declaratory judgment that Defendants have violated Plaintiff's rights under ERISA;

   B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendants

to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendants' wrongful conduct;

C. Retroactive reinstatement of STD and LTD benefits, and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendants to process Plaintiff's claim for future short-term and long term disability benefits;

D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law.

E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1);

F. Such other and further relief as this Court deems just and appropriate.

DATED this 22nd day of January, 2013.

Respectfully submitted,

SILVERN & BULGER, P.C.

 s/ Thomas A. Bulger, Esq.
Thomas A. Bulger, Esq.
*Counsel for Plaintiff*
4800 Wadsworth Boulevard, Suite 307
Wheat Ridge, Colorado 80033
(303) 292-0044

<u>Plaintiff's Address:</u>

12663 Davis Street
Broomfield, Colorado  80020