IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00132-MSK-KMT

MICHELLE CAMPBELL,

    Plaintiff,

v.

BALL CORPORATION CONSOLIDATED WELFARE BENEFIT PLAN,

    Defendant.

---

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES

---

**THIS MATTER** comes before the Court on the Plaintiff Michelle Campbell's Motion for Attorney Fees and Pre-judgment Interest (**#47**), the Defendant's Response (**#55**), and the Plaintiff's Reply (**#56**).

## I. Background

Ms. Campbell brought this lawsuit pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). Ms. Campbell sought review of the denial by Aetna Life Insurance Company ("Aetna"), acting as Claims Administrator for the Defendant, of her long-term disability benefits under an insurance plan governed by ERISA. In an Order **(#46)** dated September 30, 2014, the Court found that Aetna's actions were clearly arbitrary and capricious because (1) the standard applied was an unreasonable construction of policy documents, and (2) the denial was not supported by the record because there had been no assessment of Ms. Campbell's ability to perform the essential duties of her job. Rather than

1

remanding to the Administrator, the Court found it appropriate to reinstate Ms. Campbell's benefits, retroactive to July 1, 2012.

In the instant Motion, Ms. Campbell requests an award of $35,000 in attorney fees, plus prejudgment interest.[1] The Defendant opposes the Motion on the merits and argues that Ms. Campbell's counsel's records are inadequate to support the award sought.

## II. Analysis

### 1. Award of Fees

The Court has discretion to award reasonable attorney fees incurred in an ERISA action. *See Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983); 29 U.S.C. § 1132(g)(1). The Tenth Circuit has established five factors a court may consider when deciding whether to exercise its discretion to award attorney fees and costs: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *See Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (citing *Gordon*, 724 F.2d at 109). No single factor is dispositive and a court need not consider every factor in every case. *Id.*

The Court has weighed each of the relevant factors and concludes that an award of attorney fees is appropriate in this case. Specifically, as to the first and fifth factors, the Court noted in its September 30, 2014, Order that Aetna's actions were clearly arbitrary and capricious.

---

[1] Ms. Campbell also requests that her costs in the amount of $2,487.51 be assessed against the Defendant. The Court declines to adjudicate costs at this time. Upon the entry of final judgment, Ms. Campbell may file a bill of costs in accordance with the Local Rules. D.C.COLO.LCivR 54.1.

The record showed that Aetna failed to apply an inconsistent standard in administering Ms. Campbell's claim and that its determination was void of support in the record.  Thus, the degree of fault or blameworthiness falls squarely on Aetna.  Although the Defendant argues to the contrary, the Court is not persuaded that the Defendant took a reasonable, albeit unsuccessful, position on the merits of this case.  As to the third factor, the Court finds that an award of fees may act as a deterrent to inconsistent and unsupported claim administration in the future.

### 2. Reasonableness of Requested Fees

As to the amount of attorney fees sought, the essential inquiry is reasonableness.  *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1148 (10th Cir. 1990).  To determine a reasonable fee award, the Court conducts a lodestar calculation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Anchondo v. Anderson, Crenshow & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).  A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate.  *Hensley*, 461 U.S. at 433.  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Id.* at 436-37.

The party seeking an award of fees has the burden of submitting specific evidence supporting the hours worked and rates claimed.  *Id.* at 433.  The Tenth Circuit has noted that counsel for the party claiming fees must prove hours claimed by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.  *Case v. United School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).  The Court is justified in reducing the number of hours considered if the attorney's time records are "sloppy and

imprecise" and fail to document adequately how he or she used large blocks of time. *Id.*; *see also Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

In support of her request for an award of attorney fees, Ms. Campbell submits two affidavits by her attorney, Mr. Thomas Bulger. The first affidavit, which is attached to the motion, states that Mr. Bulger has 15 years of experience handling ERISA cases and that his customary rate is $325. Mr. Bulger states that his rate is "commensurate with other attorneys with a similar background practicing in the Denver Metro area." He further states that he has "devoted approximately 100 hours in attorney time to this matter." The affidavit lists seven single-sentence paragraphs consisting of broad descriptions of the tasks Mr. Bulger performed and an estimation of the amount of time spent. For example, Paragraph B states, "Drafting of Complaint and various pleadings, including the parties' status report and Motion for Determination on the Record:  10 hours," and Paragraph F states, "Legal research, including for briefing and regarding attorney fees and pre-judgment interest:  15 hours."

In response, the Defendant does not object to Mr. Bulger's rate of $325 per hour. Rather, the Defendant argues that Mr. Bulger's affidavit reconstructing the time he spent on the matter is so general and imprecise that that it is impossible to determine if the hours claimed include hours that were unnecessary, irrelevant, or duplicative.

Ms. Campbell also submits a second affidavit attached to her reply brief.[2] In the second affidavit, Mr. Bulger includes significantly more detail as to what tasks he performed and when he did them. For example, under the heading "Drafting Complaint and various pleadings," Mr. Bulger includes 12 line items consisting of a brief description of the task, the date performed,

---

[2] Generally, the Court does not consider new information contained in a reply brief because the opposing party does not have an opportunity to respond. However, the Defendant did not file a motion for leave to file a Surreply.

and an estimation of the time spent, such as "Draft, review and filing of Scheduling Order – 3/11/13 and 4/23/13 (2 hours)."

Despite the additional information included in Mr. Bulger's second affidavit, iIt is clear that the affidavits constitute reconstructions and are only rough, retrospective estimates of the time that Mr. Bulger spent working on this case.  It is therefore difficult for the Court to determine whether the time claimed is accurate.   In addition, there are certain entries that indicate clearly unreasonable amounts of time devoted to the specified task.  For example, Mr. Bulger claims that he spent one hour reviewing the Court's practice standards, which is simply a 15-page outline (much of which would not be applicable to this case in any event).  He also claims that it took five hours to "review[] and shepardize[]" all cases cited and referenced in the opening, response, and reply briefs.  However, two of those briefs were his own filings for which he also claims time for preparing.

 Due to Mr. Bulger's imprecise records and the excessive time reflected in some entries, the Court cannot construct an itemized list of the unnecessary time entries nor precisely compute what charge is appropriate.  Finding the excessive time reflected in the entries above to be at least 25%, the Court applies a similar reduction to all other time entries  which reduces Mr. Bulger's total hours by 25% - from 100 hours to 75 hours.

Accordingly, the Court reaches a lodestar figure of $24,375 based on 75 hours at a rate of $325 per hour.  The Court finds that this amount is reasonable and awards Ms. Campbell $24,375 in attorney fees.

### 3.  Prejudgment Interest

Ms. Campbell also requests an award of prejudgment interest at the rate of 8%, the statutory rate under Colorado law.

Under ERISA, prejudgment interest is available in the Court's discretion. *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008). This is because ERISA permits a participant to seek "appropriate equitable relief." 29 U.S.C. § 1132(a)(3)(B). Prejudgment interest is appropriate when its award serves to compensate the injured party and is otherwise equitable. *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002). Calculation of the rate for prejudgment interest also rests firmly within the Court's discretion. *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287 (10th Cir. 2002). Courts commonly look to state statutory prejudgment interest provisions as guidelines for a reasonable rate. *See, e.g., Allison*, 289 F.3d at 1244.

The Defendant does not oppose Ms. Campbell's request for prejudgment interest. The Court finds that an award of prejudgment interest in this case serves to compensate Ms. Campbell for the delay in receiving her benefits since July 1, 2012, and is not punitive against the Defendant. As a guideline for a reasonable rate, the Court looks to Colo. Rev. Stat. § 5-12-102, which sets forth a prejudgment interest rate of 8% per annum compounded annually. The Court finds that this rate is appropriate. The Court therefore awards Ms. Campbell prejudgment interest at a rate of 8% per annum compounded annually.

### III.  Conclusion

For the forgoing reasons, Ms. Campbell's Motion for Attorney Fees and Pre-judgment Interest (**#47**) is **GRANTED IN PART AND DENIED IN PART**. Ms. Campbell is awarded $27,625 in attorney fees, as well as prejudgment interest at a rate of 8% per annum compounded annually. The Clerk shall enter judgment in favor of Ms. Campbell and against Ball on all issues and close this case. Ms. Campbell's request for an adjudication of costs is denied, with leave to file a bill of costs in due course after entry of judgment.

Dated this 15th day of September, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge